UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES P. SNYDER,

                          Plaintiff,

                                                    7:16-CV-1462
v.                                                  (GTS/TWD)

TOWN OF POTSDAM,

                          Defendant,
_____

APPEARANCES:                              OF COUNSEL:

JAMES P. SNYDER
  Plaintiff, *Pro Se*
104 Flack Road
Lisbon, New York 13658

JOHNSON & LAWS, LLC                       APRIL J. LAWS, ESQ.
  Counsel for Defendant                   GREGG T. JOHNSON, ESQ.
648 Plank Road, Suite 204                 COREY A. RUGGIERO, ESQ.
Clifton Park, New York 12065              LORAINE CLARE JELINEK, ESQ.

GLENN T. SUDDABY, Chief United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this employment civil rights action filed by James P.

Snyder ("Plaintiff") against the Town of Potsdam ("Defendant"), is Defendant's motion for

summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 46.) For the reasons set forth

below, Defendant's motion for summary judgment is granted.

# TABLE OF CONTENTS

**I. RELEVANT BACKGROUND** ........................................................................................................ 1

   **A. Plaintiff's Claims** ................................................................................................................ 1

   **B. Statement of Undisputed Material Facts** ......................................................................... 1

   **C. Parties' Briefing on Defendant's Motion for Summary Judgment** ............................. 13

      **1. Defendant's Memorandum of Law-in-Chief** ........................................................... 13

      **2. Plaintiff's Opposition Memorandum of Law** .......................................................... 16

      **3. Defendant's Reply Memorandum of Law** ................................................................ 18

**II. GOVERNING LEGAL STANDARD** ................................................................................... 20

**III. ANALYSIS** .................................................................................................................................. 24

   **A. Plaintiff's Sex Discrimination Claims Pursuant to Title VII** ...................................... 24

      **1. Pay Disparity** ................................................................................................................. 24

      **2. Additional Work-Hour Pay** ........................................................................................ 29

      **3. Unfair Treatment of Employees** ................................................................................. 29

      **4. Healthcare Benefit Disparity** ...................................................................................... 31

   **B. Plaintiff's Breach-of-Contract Claim** ............................................................................. 33

   **C. Plaintiff's Hostile Work Environment Claim Pursuant to Title VII** ......................... 34

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint asserts the following three claims:
(1) a claim that Defendant discriminated against him on the basis of sex pursuant to Title VII
with regard to (a) pay disparity, (b) additional work-hour pay, (c) unfair treatment of employees,
and (d) healthcare benefit disparity; (2) a claim that Defendant breached its contract with
Plaintiff, pursuant to which he was to receive the same benefits as union employees with the
exception of longevity pay; and (3) a claim that Defendant permitted a hostile work environment
to exist in violation of Title VII, by failing to act on Plaintiff's harassment claim and by having
in place no workplace violence or harassment policy.  (Dkt. No. 1.)

### B.   Statement of Undisputed Material Facts

Unless otherwise noted, the following facts were asserted and supported by Defendant in
its Rule 7.1 Statement and not successfully denied by Plaintiff in his Rule 7.1 Response that both
*matched* the paragraphs of Defendant's Rule 7.1 Statement and *specifically cited* the record
where the factual issue arises, as required by Local Rule 7.1(c) of the Local Rules of Practice for
this Court.  (*Compare* Dkt. No. 46, Attach. 26 [Def.'s Rule 7.1 Statement] *with* Dkt. No. 48,
Attach. 1 [Plf.'s Rule 7.1 Response].)

1.   Plaintiff resided in the Town of Lisbon, New York, from 2009 through September
2017.

2.   Plaintiff graduated from high school but never earned a Bachelors degree or an
Associates degree.[1]

---

[1]    Although Plaintiff began his response by stating that "Plaintiff agrees with this
statement," he then asserted facts that attempted to either undermine Defendant's asserted fact or
deny an implication of that asserted fact, which is improper in a Rule 7.1 Response.  *See CA, Inc.*

3.      On October 26, 2009, Plaintiff began his employment with Defendant in the position of "Data Collector" pursuant to an individual employment agreement that he signed on November 6, 2009 (the "Agreement of November 6, 2009").  The Agreement of November 6, 2009, provided for an initial annual pay rate of $21,000.00 during the probationary term, followed by an annual pay rate of $22,000.00 after completion of the probationary term.[2]

4.      On June 28, 2011, Plaintiff was appointed by Defendant to the position of "Acting Assessor" effective July 1, 2011, to fill a vacancy created by the retirement of the prior "Assessor," Mr. Kim Bissonette.

5.      On June 30, 2011, Plaintiff entered into a probationary contract with Defendant, which provided for an hourly rate of pay of $23.00 for the remainder of 2011 (the "Agreement of June 30, 2011").

---

v. New Relic, Inc., 12-CV-5468, 2015 WL 1611993, at *2 n.3 (E.D.N.Y. Apr. 8, 2015) ("[T]he Court will consider the statement provided by [Plaintiff] as undisputed because [Defendant's] initial response in each instance is, in fact, 'Undisputed.'"); Washington v. City of New York, 05-CV-8884, 2009 WL 1585947, at *1 n.2 (S.D.N.Y. June 5, 2009) (holding that "the statement provided by Defendants is taken as true because Plaintiff[']s initial response in each instance is 'Admit'"); Goldstick v. The Hartford, Inc., 00-CV-8577, 2002 WL 1906029, at *1 (S.D.N.Y. Aug. 19, 2002) (striking plaintiff's Rule 56.1 Statement, in part, because plaintiff added "argumentative and often lengthy narrative in almost every case the object of which is to 'spin' the impact of the admissions plaintiff has been compelled to make"); Yetman v. Capital Dist. Transp. Auth., 12-CV-1670, 2015 WL 4508362, at *10 (N.D.N.Y. July 23, 2015) (Suddaby, J.) (citing authority for the point of law that summary judgment procedure involves the disputation of asserted facts not implied facts).   To the extent that a non-movant desires to set forth any additional material facts that it contends are in dispute, he is required by Local Rule 7.1(a)(3) to do so in separately numbered paragraphs.

[2]      Plaintiff asserts that no affidavits were included as exhibits.  The Court respectfully directs Plaintiff's attention to Dkt. No. 46, Attach. 24, containing the Affidavit of Marie Regan, which Defendant filed in support of its motion for summary judgment.

6.     The Agreement of November 6, 2009, and the Agreement of June 30, 2011, were the only written contracts executed between Plaintiff and Defendant.[3]

7.     Kim Bissonette, like Plaintiff, is male.[4]

8.     Before his appointment with Defendant on July 1, 2011, Plaintiff had never held a position as an Assessor or Acting Assessor with any municipality.[5]

9.     Plaintiff's initial annual pay rate as Acting Assessor was $35,880.00, which was $13,880.00 (or 63%) more than he had been earning as the Town's Data Collector.[6]

10.     Upon his retirement from the Town Assessor position, Kim Bissonette was making $45,990.00 per year.  Plaintiff accepted the position of "Acting Assessor" at an annual pay rate of $35,880.00.[7]

11.     On November 17, 2011, within five months of his initial appointment as "Acting Assessor," Plaintiff was appointed as the Town's "Assessor" and received a $1,300.00 (3.6%)

---

[3]     Plaintiff's response that he agrees with this asserted fact coupled with his inclusion of facts purporting to disprove the asserted fact is improper. *See, supra*, note 1 of this Decision and Order.  As a result, this fact will be deemed admitted.  *Id.*

[4]     Plaintiff states that he "agrees with this statement except to the reference of the affidavits."  The Court respectfully directs Plaintiff's attention to Dkt. No. 46, Attach. 20, containing the Affidavit of Rollin Beattie, which Defendant filed in support of its motion for summary judgment.

[5]     Plaintiff provides the same or substantially the same response as discussed above in notes 2 and 4 of this Decision and Order.

[6]     Plaintiff provides the same or substantially the same response as discussed above in notes 2 and 4 of this Decision and Order.

[7]     Plaintiff provides the same or substantially the same response as discussed above in notes 2 and 4 of this Decision and Order.  In addition, Plaintiff's response that he agrees with this statement coupled with his inclusion of facts purporting to disprove the asserted fact is improper. *See, supra,* note 1 of this Decision and Order.  As a result, this fact will be deemed admitted.  *Id.*

annual pay rate increase from Defendant that was prompted by his completion of certain coursework.[8]

      12.     Plaintiff was appointed to a six-year term as "Assessor."[9]

      13.     Plaintiff began working as an Assessor for the Town of Morristown, New York, in November 2011, at an annual pay rate of approximately $21,000.00, while still employed as Defendant's Assessor.[10]

---

[8]     Plaintiff disputes this fact but does not cite to any portion of the record supporting the dispute of fact. *See N.Y. Teamsters v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005) (upholding grant of summary judgment were "[t]he district court, applying Rule 7.1[a][3] strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitted a responsive Rule 7.1[a][3] statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations"); *Archie Comic Publ'ns, Inc. v. DeCarlo*, 258 F. Supp. 2d 315, 319 (S.D.N.Y. 2003) (holding that "the facts set forth in [plaintiff's] statement are deemed established" where defendant denied assertions in plaintiff's S.D.N.Y. Local Rule 56.1 statement but declined to provide record citations in support). Instead, Plaintiff refers to the same portion of the record as Defendant cites, which indicates that Plaintiff "moved from Acting Assessor to Assessor after completion of course work + 2 yrs experience." (Dkt. No. 46, Attach. 6.) The document also indicates that Plaintiff's salary was $37,180.00, which is $1,300.00 more per year than he received as Acting Assessor. (*Id.*) Therefore, the Court finds that the fact is undisputed.

[9]     Plaintiff disputes this fact but again does not cite to any portion of the record in support of the dispute. As a result, the Court deems this denial an admission. *See, supra,* note 8 of this Decision and Order.

[10]     Plaintiff does not dispute this fact but attempts to controvert an *implication* of the asserted fact or to place it in context, which is improper and thus will be deemed an admission. N.D.N.Y. L.R. 7.1(a)(3) ("The non-movant's responses shall . . . admit[] and/or deny[] each of the movant's *assertions* in matching numbered paragraphs."); *see also Yetman v. Capital Dis. Trans. Auth.*, 12-CV-1670, 2015 WL 4508362, at *10 (N.D.N.Y. July 23, 2015) (citing authority for the point of law that the summary judgment procedure involves the disputation of asserted facts, not the disputation of implied facts); *cf. Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (noting that plaintiff's responses failed to comply with the court's local rules where "Plaintiff's purported denials . . . improperly interject arguments and/or immaterial facts in response to facts asserted by Defendants, often speaking past Defendants' asserted facts without specifically controverting those same facts"). To the extent that a non-movant desires to set forth any additional material facts that he contends are in dispute, he or she is required by Local Rule 7.1(a)(3) to do so in separately numbered paragraphs.

14.     During the time Plaintiff was employed by Defendant as Assessor, he received an annual pay rate increase every year, including pay increases of 3.6% in 2012, 3.5% in 2013, 5% in 2014, and 7.4% in 2015.[11]

15.     During his tenure, Plaintiff was the sole Assessor working for Defendant.[12]

16.     Plaintiff was never a member of any union that represented Defendant's office staff, including the Teamsters Union (the "Union").[13]

17.     When Defendant and the Union began discussing the possibility of including the Assessor position in the bargaining unit in 2016, Plaintiff's communications with the Union led to the Union to send a letter, dated December 10, 2016, to Defendant indicating that the Union would not include the Assessor position in the bargaining unit.[14]

18.     Plaintiff wrote a letter dated January 12, 2016, explaining his reasons for not wanting to be part of the Union.

---

[11]     Plaintiff's attempt to dispute an *implication* of the above-asserted fact, or to place it in context, is improper.  *See, supra,* note 10 of this Decision and Order.

[12]     Plaintiff provides the same or substantially the same response as discussed above in notes 2 and 4 of this Decision and Order.

[13]     Plaintiff provides the same or substantially the same response as discussed above in notes 2 and 4 of this Decision and Order.  The Court respectfully directs Plaintiff's attention to Dkt. No. 46, Attach. 21, containing the Affidavit of Margaret Brusso, Dkt. No. 46, Attach. 22, containing the Affidavit of Cindy Goliber, and Dkt. No. 46, Attach. 23, containing the Affidavit of Jo-Ann Graham, which Defendant filed in support of its motion for summary judgment. Finally, Plaintiff's attempt to dispute an *implication* of the above-asserted fact, or to place it in context, is improper.  *See, supra,* note 10 of this Decision and Order.

[14]     Plaintiff's attempt to dispute an *implication* of the above-asserted fact, or to place it in context, is improper.  *See, supra,* note 10 of this Decision and Order.

19.     Plaintiff negotiated a pay increase for himself every year that he was employed by Defendant. The percentage rate of every of Plaintiff's pay increases as Assessor was the same as or higher than the pay increases for members of the Union working in Defendant's office.[15]

20.     Other employees of Defendant who were not members of the Union, such as the Code Enforcement Officer and the Town Clerk, also directly negotiated their compensation each year with the Town Supervisor and Town Board.[16]

21.     Plaintiff contends that there is "no consistency" in the manner in which Defendant sets salaries for office staff.[17]

22.     Plaintiff also contends that Defendant's employees who were also Town residents were paid more than were non-resident employees, such as Plaintiff.

23.     Plaintiff compares himself to Mary Jo Guyette, who was employed by Defendant during the relevant time period. Ms. Guyette was employed by Defendant as "Court Clerk" and Plaintiff has no idea how long she worked for Defendant as "Court Clerk" before he was hired. Plaintiff has no idea what prior work experience Ms. Guyette had, what her educational background was, whether she was a member of the Union, or whether she was paid less than was Plaintiff.[18]

---

[15]     Plaintiff's attempt to dispute an *implication* of the above-asserted fact, or to place it in context, is improper. *See, supra,* note 10 of this Decision and Order.

[16]     Plaintiff provides the same or substantially the same response as discussed above in notes 2, 4, and 13 of this Decision and Order.

[17]     Plaintiff agrees with this fact then asserts additional information regarding his arguments. To the extent that a non-movant desires to set forth any additional material facts that it contends are in dispute, he is required by Local Rule 7.1(a)(3) to do so in separately numbered paragraphs. *See, supra,* note 1 of this Decision and Order.

[18]     Plaintiff's response that he disputes this fact without providing any citation to the record is improper. *See, supra,* note 8 of this Decision and Order. Plaintiff asserts that he has some

24.     Plaintiff also compares himself to Laurie Hayes, who was employed by Defendant during the relevant time period as "Court Clerk" and "Senior Court Clerk." Plaintiff was unable to testify regarding how long Ms. Hayes worked for Defendant before she was hired as "Senior Court Clerk." In addition, Plaintiff did not know what, if any, prior work experience Ms. Hayes had or what her educational background was.[19]

25.     Plaintiff also compares himself to Peggy Brusso, who was employed by Defendant as "Court Clerk" and "Assistant to the Supervisor" before Plaintiff began working for Defendant. Plaintiff has no idea how long Ms. Brusso worked for Defendant before he was hired. In addition, Plaintiff has no idea what prior work experience Ms. Hayes had or what her educational background was.[20]

26.     Plaintiff considered resigning from his employment with Defendant in 2011 because of gossip among Defendant's employees about Plaintiff "getting paid more than other people" upon his promotion to Assessor.

27.     Plaintiff began having a conflict with Ms. Brusso in 2011 when he was appointed Assessor and received an increase in pay. The conflict continued in December 2013 when she

---

idea of prior work experience but does not indicate the basis of such knowledge or what that prior work experience entailed.

[19]     Plaintiff provides the same or substantially the same response as discussed above in note 18 of this Decision and Order.

[20]     Plaintiff's response that he disputes this fact without providing any citation to the record is improper. *See, supra,* note 8 of this Decision and Order. Plaintiff's statement in his Response to Defendant's Statement of Material Facts that "if you count not having to pay insurance premium then Ms. Brusso *may very well* be getting paid more than Plaintiff" further supports Defendant's assertion that Plaintiff does not have knowledge about Ms. Brusso's pay. (Dkt. No. 48, Attach. 1, at ¶ 24 [emphasis added].)

took issue with certain property assessments made by Plaintiff. The conflict intensified in September 2014 when Plaintiff's pay increase became public.

28.      Plaintiff alleges that he was harassed as an employee of Defendant and that such harassment was motivated by (a) Plaintiff's property valuations and tax exemptions, (b) how other Town employees perceived Plaintiff to have been performing as Assessor, and (c) reactions to the pay raise Plaintiff received between 2014 and 2015. Plaintiff does not allege that he was harassed on the basis of his sex or gender.[21]

29.      Defendant had an anti-harassment policy and complaint procedure but Plaintiff did not make any complaints pursuant to that policy because his harassment allegation "wasn't anything about sexual harassment."[22]

30.      Plaintiff contends that Defendant should have had a harassment complaint procedure comparable to Defendant's workplace violence policy.[23]

31.      Defendant implemented a sexual harassment policy in March 2006, three years before Plaintiff began working for Defendant. Plaintiff received, and acknowledged receipt of, the sexual harassment policy within days of beginning his employment with Defendant.[24]

---

[21]    Plaintiff's response that he disputes this fact without providing any citation to the record is improper. *See, supra,* note 8 of this Decision and Order. In addition, Plaintiff provides the same or substantially the same response as discussed above in notes 2, 4, and 13 of this Decision and Order.

[22]    Plaintiff provides the same or substantially the same response as discussed above in notes 2, 4, and 13 of this Decision and Order.

[23]    Plaintiff's response that he disputes this fact without providing any citation to the record is improper. *See, supra,* note 8 of this Decision and Order. In addition, Plaintiff disputes this fact arguing that it is overly broad and vague, which is not a valid basis for disputing a movant's statement of material fact pursuant to Local Rule 7.1(a)(3).

[24]    Plaintiff provides the same or substantially the same response as discussed above in notes 2, 4, and 13 of this Decision and Order.

32.     Plaintiff resigned as Assessor with Defendant on April 10, 2017, effective April 23, 2017.

33.     As of April 23, 2017, Plaintiff was making $45,179.94 per year.

34.     In 2014, Plaintiff received a higher percentage pay increase than did all members of the Union representing Defendant's unionized office staff.[25]

35.     In 2015, Plaintiff received a higher percentage pay increase than did all members of the Union representing Defendant's unionized office staff.[26]

36.     In 2016, Plaintiff received a higher percentage pay increase than did all members of the Union representing Defendant's unionized office staff.[27]

---

[25]     Plaintiff's denial of the ability to confirm this assertion of fact is insufficient to create an issue of fact and the Court will deem it an admission. *See F.D.I.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 205 F.3d 66, 75 (2d Cir. 2000) ("[V]ague denials and memory lapses . . . do not create genuine issues of material fact."); *Genger v. Genger*, 663 F. App'x 44, 49 n.4 (2d Cir. 2016) (summary order) (noting that a statement that one "ha[d] no recollection" of a fact "does not constitute a denial"); *Davis v. City of Syracuse*, 12-CV-0276, 2015 WL 1413362, at *2 (N.D.N.Y. Mar. 27, 2015) (Suddaby, J.) ("On a motion for summary judgment, denials of fact that are based on a lack of personal knowledge, mere information or belief, and/or inadmissible evidence are insufficient to create a genuine dispute."); *In re Horowitz*, 14-CV-36884, 2016 WL 1039581, at *1 n.2 (Bankr. S.D.N.Y. Mar. 15, 2016) (stating that, "[o]n a motion for summary judgment, denials based on a lack of knowledge or information sufficient to form a belief are insufficient to contest a disputed fact . . . . Similarly, a response contending to neither admit or deny an allegation does not create a genuine issue of fact"); *accord, Piacente v. Int'l Union of Bricklayers & Allied Craftworkers*, 11-CV-1458, 2015 WL 5730095, at *2 n.3 (S.D.N.Y. Sept. 30, 2015).

[26]     Plaintiff provides the same or substantially the same response as discussed above in note 25 of this Decision and Order.

[27]     Plaintiff provides the same or substantially the same response as discussed above in note 25 of this Decision and Order. In addition, Plaintiff argues that Dkt. No. 48, Attach. 15, does not show other employees' salaries. However, the document does compare Plaintiff's yearly salary with that of Union members' salaries. (Dkt. No. 48, Attach. 15.) Finally, the fact asserted merely relates to the percentage increase, which is reflected in the document. (Dkt. No. 48, Attach. 15.)

37.     In 2015, Plaintiff was one of the fifteen (15) highest paid Town employees.[28]

38.     In 2015, fourteen (14) of the fifteen (15) highest paid Town employees were male.[29]

39.     In 2015, Plaintiff was paid more than were five of the six female Town employees.[30]

40.     In 2016, Plaintiff was one of the fifteen (15) highest paid Town employees.[31]

41.     In 2016, fourteen (14) of the fifteen (15) highest paid Town employees were male.[32]

42.     In 2016, Plaintiff was paid more than were five of the six female Town employees.[33]

---

[28]     Plaintiff provides the same or substantially the same response as discussed above in note 27 of this Decision and Order.  In addition, Plaintiff argues that employees James Mason and James Plumley were left off the list reflected in Dkt. No. 48, Attach. 15.  However, Defendant does not cite to Dkt. No. 48, Attach. 15, in support of this asserted fact.  Instead, Defendant cites to Dkt. No. 48, Attach. 19, which lists a Jeffery A. Mason but does not list anyone by the name of James Plumley or closely resembling that name.

[29]     Plaintiff provides the same or substantially the same response as discussed above in note 27 of this Decision and Order.  Plaintiff's attempt to dispute an *implication* of the above-asserted fact, or to place it in context, is improper.  *See, supra,* note 10 of this Decision and Order.

[30]     Plaintiff agrees with this citation then attempts to dispute an *implication* of the above-asserted fact, or to place it in context, which is improper.  *See, supra,* note 10 of this Decision and Order.

[31]     Plaintiff provides the same or substantially the same response as discussed above in note 29 of this Decision and Order.

[32]     Plaintiff provides the same or substantially the same response as discussed above in note 29 of this Decision and Order.

[33]     Plaintiff provides the same or substantially the same response as discussed above in note 29 of this Decision and Order.

43.     In 2015, Plaintiff was paid more than was fellow Town employee Margaret Brusso.[34]

44.     In 2016, Plaintiff was paid more than was fellow Town employee Margaret Brusso.[35]

45.     In 2015, Plaintiff was paid more than was fellow Town employee Sherri Stone.[36]

46.     In 2016, Plaintiff was paid more than was fellow Town employee Sherri Stone.[37]

47.     In 2015, Plaintiff was paid more than was fellow Town employee Laurie Hayes.[38]

48.     In 2016, Plaintiff was paid more than was fellow Town employee Laurie Hayes.[39]

49.     In 2015, Plaintiff was paid more than was fellow Town employee Michael Boysuk.[40]

---

[34]     Plaintiff provides the same or substantially the same response as discussed above in note 25 of this Decision and Order.  In addition, Plaintiff's attempt to dispute an *implication* of the above-asserted fact, or to place it in context, is improper.  *See, supra,* note 10 of this Decision and Order.

[35]     Plaintiff provides the same or substantially the same response as discussed above in note 34 of this Decision and Order.

[36]     Plaintiff provides the same or substantially the same response as discussed above in note 30 of this Decision and Order.

[37]     Plaintiff provides the same or substantially the same response as discussed above in note 30 of this Decision and Order.

[38]     Plaintiff provides the same or substantially the same response as discussed above in note 30 of this Decision and Order.

[39]     Plaintiff provides the same or substantially the same response as discussed above in note 30 of this Decision and Order.

[40]     Plaintiff provides the same or substantially the same response as discussed above in note 30 of this Decision and Order.

50.     In 2016, Plaintiff was paid more than was fellow Town employee Michael Boysuk.[41]

51.     The Union never negotiated with Defendant on behalf of Plaintiff regarding his compensation or benefits.[42]

52.     Plaintiff did not serve a verified Notice of Claim on Defendant before commencing this lawsuit.[43]

53.     Plaintiff filed one administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"), on December 19, 2015.[44]

54.     Plaintiff's administrative complaint was dismissed by the NYSDHR on June 10, 2016.[45]

---

[41]     Plaintiff provides the same or substantially the same response as discussed above in note 30 of this Decision and Order.

[42]     Plaintiff agrees with this asserted fact then attempts to dispute an *implication* of the above-asserted fact, or to place it in context, which is improper.  *See, supra,* note 10 of this Decision and Order.  In addition, Plaintiff provides the same or substantially the same response as discussed above in notes 2, 4, and 13 of this Decision and Order.

[43]     Plaintiff provides the same or substantially the same response as discussed above in note 25 of this Decision and Order.  In addition, Plaintiff provides the same or substantially the same response as discussed above in notes 2, 4, and 13 of this Decision and Order.

[44]     Plaintiff provides the same or substantially the same response as discussed above in note 43 of this Decision and Order.

[45]     Plaintiff agrees with this citation then attempts to dispute an *implication* of the above-asserted fact, or to place it in context, which is improper.  *See, supra,* note 10 of this Decision and Order.

55.     Plaintiff's administrative complaint was dismissed by the EEOC on September 7, 2016.[46]

### C.     Parties' Briefing on Defendant's Motion for Summary Judgment

#### 1.     Defendant's Memorandum of Law-in-Chief

Generally, in support of its motion to for summary judgment, Defendant asserts six arguments. (*See generally* Dkt. No. 46, Attach. 25 [Def.'s Mem. of Law].)

First, Defendant argues that most of Plaintiff's Title VII claim is time-barred because it is governed by a 300-day statute of limitations period pursuant to 42 U.S.C. § 2000e-5, and he filed his administrative charge with the EEOC and NYSDHR on December 14, 2015. (*Id.*) As a result, Defendant argues, any allegations that concern conduct that occurred before February 18, 2015, fall outside the applicable statute of limitations and cannot support a Title VII claim. (*Id.*)

Second, Defendant argues that some or all of Plaintiff's timely claims are barred because he failed to exhaust his available administrative remedies before filing them. (*Id.*) More specifically, Defendant argues that Plaintiff's factual allegations that are not time-barred relate to alleged incidents that occurred in January 2016, which was after Plaintiff filed his administrative charge on December 14, 2015. (*Id.*) However, Defendant argues, with the exception of possibly the allegations related to Ms. Brusso's health insurance, the allegations relating to the incidents in January 2016 are not "reasonably related" to the claims and allegations contained in Plaintiff's administrative charge. (*Id.*) As a result, Defendant argues that these allegations are barred by Plaintiff's failure to exhaust his administrative remedies. (*Id.*)

---

[46]     Plaintiff's response that he disputes this fact without providing any citation to the record is improper. *See, supra,* note 8 of this Decision and Order.

Third, Defendant argues that Plaintiff's "harassment" claim is not cognizable under Title VII, because he has failed to allege even a single incident of gender or sex-based harassment and thus has failed to show that such a hostile work environment was severe and pervasive. (*Id.*) Indeed, Defendant argues that Plaintiff's administrative charge made clear that the harassment he was referring to was "other than sexual harassment"; however, there exists no federal cause of action for generic workplace harassment. (*Id.*) In any event, Defendant argues, to the extent Plaintiff could establish that the harassment was "trait-based," he unreasonably failed to use Defendant's policy and complaint procedure, which bars this action. (*Id.*)

Fourth, Defendant argues that Plaintiff's Title VII discrimination (or disparate treatment) claim based on pay disparity is baseless. (*Id.*) More specifically, Defendant argues that Plaintiff cannot make out a *prima facie* case of disparate treatment pursuant to the *McDonnell Douglas* burden-shifting framework. (*Id.*) Defendant argues that the fact that Plaintiff is male precludes a finding that he is a member of a protected class. (*Id.*) In addition, Defendant argues that, because Plaintiff was the one and only Assessor for Defendant during the relevant time period, and he was preceded and succeeded by Assessors who were also male, he cannot show that he was paid less than were members outside his class who performed the same work for Defendant. (*Id.*) Finally, Defendant argues that Plaintiff cannot show an inference of discrimination, because the individuals who Plaintiff seeks to compare himself to are not comparators, and Plaintiff cannot establish that the decisions in regard to his compensation were made because of his sex. (*Id.*)

Fifth, Defendant argues that Plaintiff's Title VII retaliation claim is time-barred and baseless. (*Id.*) More specifically, Defendant argues that the allegations regarding Plaintiff's retaliation claim are premised on his interpretation of (a) a 2009 incident he read about in the

local newspaper and (b) Defendant's alleged response to his 2014 dispute with Ms. Brusso, both of which are time-barred pursuant to Title VII. (*Id.*) In any event, even if Plaintiff's allegations were not time-barred, they do not give rise to a Title VII retaliation claim, because they do not show that (a) he engaged in a protected activity when he complained about Ms. Brusso's "generic harassment" (which had nothing to do with gender or sex), (b) Defendant was aware of any protected activity pursuant to Title VII (given that his complaints to the Town Supervisor were merely understood as an interpersonal conflict), (c) he experienced an adverse employment action that occurred after September 2014, or (d) there existed a causal connection between any adverse employment action and Plaintiff's protected activity (given that he received higher annual pay increases than did most Town employees and continued to make more money than did Ms. Brusso, with whom he had conflicts with in 2014). (*Id.*)

Sixth, Defendant argues that Plaintiff has not, and cannot, state a breach-of-contract claim. (*Id.*) More specifically, Defendant argues that Plaintiff does not attach the contract or agreement to his Complaint and does not identify any of the terms of the agreement such as the date of the agreement. (*Id.*) Moreover, Defendant argues that, even if Plaintiff has alleged the existence of a contract with Defendant and the required elements of a breach of that contract, such a claim would be barred by N.Y. Gen. Oblig. Law § 5-701, which requires that a contract be in writing if, by its terms, the contract is not to be performed within one year from its making. (*Id.*) Defendant argues that, because pursuant to N.Y. Real Prop. Tax Law § 310 Plaintiff's appointment was for a six-year term, such a contract could not be performed within one year and would be barred by N.Y. Gen. Oblig. Law § 5-701. (*Id.*) Finally, Defendant argues, such a claim is time barred and barred by Plaintiff's failure to file a notice of claim pursuant to N.Y. Town Law § 65(3). (*Id.*)

## 2. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant's motion for summary judgment, Plaintiff asserts nine arguments. (*See generally* Dkt. No. 48 [Pl.'s Opp'n Mem. of Law].)

First, Plaintiff argues that there exists a genuine dispute of material fact with regard to the discriminatory and biased treatment he experienced related to salary. (*Id.*) More specifically, Plaintiff argues that, when an employee left employment with Defendant and Defendant hired an individual to fill the vacancy, Defendant was required to pay the new hire within $2,000.00 of the former employee's salary. (*Id.*) Plaintiff argues that Defendant has followed this rule with regard to hiring or promoting women but has not followed this rule with regard to hiring or promoting men. (*Id.*) Instead, Plaintiff argues that Defendant paid men on average 20% less than it paid their predecessors. (*Id.*)

Second, Plaintiff argues that there exists a genuine dispute of material fact with regard to the discriminatory and biased treatment he experienced related to the removal of the Assessor position from the Union. (*Id.*) More specifically, Plaintiff argues that the Assessor and Code Officer positions, both held by men, were removed from the Union contract sometime around 2009-2011 because, according to Defendant, the positions qualified as "department heads." (*Id.*) However, Plaintiff argues, during the same time period, two other department-head positions, which were held by women, remained members of the Union. (*Id.*) Plaintiff argues that, during the 2017 contract negotiations, Defendant offered to let the Assessor and Code Officer positions re-join the Union but did not offer to make up the pay differences or benefits that the positions had previously lost by not being members of the Union. (*Id.*)

Third, Plaintiff argues that there exists a genuine dispute of material fact with regard to the discriminatory and biased treatment he experienced related to compensation for additional

hours worked.  (*Id.*)  More specifically, Plaintiff argues that in or around 2013 female court clerk Mary Jo Guyette was paid her salary per hour for each additional hour she worked; however, when men requested additional pay for overtime work, they were informed that there was no overtime pay because they were salaried positions.  (*Id.*)

Fourth, Plaintiff argues that there exists a genuine dispute of material fact with regard to the discriminatory and biased treatment he experienced related to how harassment allegations are handled.  (*Id.*)  More specifically, Plaintiff argues that, when a female employee alleged harassment against a male employee, Defendant conducted an investigation into the claim; however, when Plaintiff claimed harassment against Ms. Brusso, his job was threatened and he was told Defendant could lower his salary to $1.00.  (*Id.*)

Fifth, Plaintiff argues that he has sought counseling and been proscribed medication due to the discrimination, harassment and retaliation he endured.  (*Id.*)  Plaintiff argues that, since September 2014, he has regularly attended counseling.  (*Id*.)  In addition, Plaintiff argues that he took anti-depressants and anxiety medication consistently and regularly from September 2014 until April 2017, when he resigned from his employment with Defendant.  (*Id.*)

Sixth, Plaintiff argues that Defendant failed to have a harassment policy to protect employees from harassment.  (*Id.*)  More specifically, Plaintiff argues that Defendant knew about the harassment of Plaintiff and failed to prevent or correct it; instead, Plaintiff was threatened to have his salary lowered to $1.00, and he was retaliated against by Mr. Beattie for filing the administrative claim, which left Plaintiff no other option but to resign from his position.  (*Id.*)

Seventh, Plaintiff argues that there exists a genuine dispute of material fact with regard to the discriminatory and biased treatment he experienced related to granting exemptions for paying health insurance premiums to employees hired after January 1, 1998.  (*Id.*)  More specifically,

Plaintiff argues that there are three Town employees who are eligible, and signed up, for the family health plan: two men and one woman. (*Id.*) However, Plaintiff argues, Defendant granted an exemption to only the female employee so that she does not have to pay any sort of premium for such insurance while the two men have to pay for the same coverage. (*Id.*)

Eighth, Plaintiff argues that Defendant breached the employment agreement. (*Id.*) More specifically, Plaintiff argues that Marie Regan, then-Town Supervisor, promised, pursuant to an employee agreement, that Plaintiff would "receive the same benefits as everyone else" with the exception of Union members also receiving longevity pay. (*Id.*) However, Plaintiff argues, he did not receive the same benefits as Ms. Brusso, who had an exemption such that she did not pay family health insurance premiums. (*Id.*) Plaintiff notes that this agreement was reduced to writing after Plaintiff requested an additional week of vacation because Defendant was reluctant to raise Plaintiff's salary to the appropriate amount compared to his female counterparts. (*Id.*)

Ninth, Plaintiff argues that he has been rejected from other Assessor jobs because he was forced to file this lawsuit. (*Id.*) More specifically, Plaintiff argues that, since he filed this lawsuit, he has experienced the following adverse actions: (a) his character has been defamed, (b) he applied for a job with and did not receive an interview with, the Towns of Waddington and Louisville, (c) he interviewed with the Town of Brasher, but the job was awarded to an individual without experience or certification, and (d) the City of Ogdensburg "manipulated their civil service requirement to prevent Plaintiff and anyone else who specifically was not an assessment clerk within the City . . . from taking the exam for assessor." (*Id.*)

### 3. Defendant's Reply Memorandum of Law

Generally, in its reply, Defendant asserts two arguments. (Dkt. No. 49 [Def.'s Reply Mem. of Law].)

First, Defendant argues that, by failing to dispute or even respond to most of Defendant's arguments and evidence, Plaintiff should be deemed to have conceded the arguments, or in the alternative, the arguments should be deemed to be dispositive.[47] To survive a proper motion for summary judgment, even a *pro se* Plaintiff must respond to the legal arguments, undisputed facts, and evidence presented in support of such motion. (*Id.*) More specifically, Defendant argues, Plaintiff failed to respond to the following of Defendant's arguments: (a) Defendant's arguments that all of Plaintiff's claims, with the exception of his gender-based pay disparity Title VII claim, are time-barred; (b) Defendant's arguments that Plaintiff's Title VII claims and allegations which are not time-barred fail to satisfy the condition precedent required by Title VII because they occurred after Plaintiff filed his administrative claim on December 14, 2015; (c) Defendant's arguments that Plaintiff's harassment claim is not cognizable under Title VII; (d) Defendant's arguments that Plaintiff's Title VII retaliation claim is fatally flawed because he cannot establish any of the necessary elements of that claim; and (e) Defendant's arguments that Plaintiff's breach of contract claim is legally infirm because (i) he failed to plead or prove the existence of an enforceable contract, (ii) New York's statute of frauds requires such a contract to be in writing, and (iii) Plaintiff failed to file a notice of claim. (*Id.*)

Second, Defendant argues that Plaintiff's response in opposition amounts to nothing more than a "list of grievances," which fails to establish a triable question of fact regarding any claim before this Court. (*Id.*) More specifically, Defendant argues that Plaintiff's opposition reaffirms his theory of liability that Defendant's "workplace violence" policy should have been triggered by his feud with Ms. Brusso; however, Plaintiff's theory of liability does not constitute a

---

[47] The Court notes that Defendant's arguments regarding the Equal Pay Act, which was not sufficiently invoked in Plaintiff's Complaint, are not before the Court.

cognizable federal or New York State cause of action.  (*Id.*)  With regard to the allegations regarding Plaintiff's verbal contract with former-Town supervisor Ms. Regan, Defendant argues that Plaintiff admits that he re-negotiated the terms and conditions of his employment every year that he was employed by Defendant and thus cannot establish a breach-of-contract claim.  (*Id.*)  Finally, Defendant argues Plaintiff failed to present any evidence of a similarly-situated female employee performing the same work he did and who was paid more than he was.  (*Id.*)  Defendant argues that the undisputed evidence demonstrates that there is no pattern of female employees being paid more than similarly-situated male employees.  (*Id.*)  In fact, Defendant argues, it paid Plaintiff more than it paid every female Town employee in 2015 and 2016, except the Town Clerk who was not similarly situated with Plaintiff.  (*Id.*)  Defendant argues that, even if Plaintiff could make a *prima facie* showing, Defendant has articulated the legitimate, non-discriminatory reasons for its decision, and Plaintiff has failed to present any evidence of pretext. (*Id.*)

## II.      GOVERNING LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[48]  As for the materiality requirement, a dispute of fact is

---

[48]      As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted].  As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

"material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Anderson*, 477 U.S. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a),(c),(e).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute. Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported

by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[49]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[50] Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

Where, as here, a party seeks summary judgment against a *pro se* litigant, a court must afford the non-movant special solicitude. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

---

[49]      Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[50]      *See, e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

> [t]here are many cases in which we have said that a *pro se* litigant is
> entitled to "special solicitude," . . . that a *pro se* litigant's submissions
> must be construed "liberally," . . . and that such submissions must be read
> to raise the strongest arguments that they "suggest," . . . . At the same
> time, our cases have also indicated that we cannot read into *pro se*
> submissions claims that are not "consistent" with the *pro se* litigant's
> allegations, . . . or arguments that the submissions themselves do not
> "suggest," . . . that we should not "excuse frivolous or vexatious filings by
> *pro se* litigants," . . . and that *pro se* status "does not exempt a party from
> compliance with relevant rules or procedural and substantive law."

*Triestman*, 470 F.3d at 477 (citations and footnote omitted).

Moreover, the "principles governing admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997). "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," and a "district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009).

Finally, to the extent that a "motion for summary judgment" under Fed. R. Civ. P. 56 is based exclusively on the factual allegations of the opponent's pleading, dismissal is possible for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Schwartz v. Compagnise General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."). In such a circumstance, the Court need not give prior notice to the party whose pleading is being analyzed. *See Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").

## III.   ANALYSIS

After carefully considering the matter, the Court grants Defendant's motion for summary judgment for the reasons stated in its memoranda of law.  (Dkt. No. 46, Attach. 25; Dkt. No. 49.) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.

### A.   Plaintiff's Sex Discrimination Claims Pursuant to Title VII

"Title VII prohibits all discrimination in employment based upon race, sex, and national origin." *Texas v. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981).  "In passing Title VII, Congress made the simple but momentous announcement that sex, race, religion, and national origin are not relevant to the selection, evaluation, or compensation of employees." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 239 (1989), *superseded by statute*, Civil Rights Act of 1991, Tit. I, § 107(a), 105 Stat. 1075, *as recognized in Burrage v. United States,* 571 U.S. 204, 213 n.4 (2014).  "This 'broad rule of workplace equality,' . . . 'strike[s] at the entire spectrum of disparate treatment' based on protected characteristics, . . . 'regardless of whether the discrimination is directed against majorities or minorities.'" *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 111 (2d Cir. 2018) (citations omitted).  "[T]he critical inquiry for a court assessing whether an employment practice is 'because of . . . sex' is whether sex was a 'motivating factor.'" *Zarda*, 883 F.3d at 111 (quoting *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 23 [2d Cir. 2014]).

### 1.   Pay Disparity

To establish a *prima facie* pay disparity claim, Plaintiff must present evidence that he was (1) a member of a protected class, (2) qualified for the job in question, (3) paid less than members outside of the protected class for the same work, and (4) that Defendant's decision to

pay him less occurred under circumstances giving rise to an inference of discrimination. *Belfi v.*

*Prendergast*, 191 F.3d 129, 139 (2d Cir. 1999).[51]

---

[51]     The Court notes that, although Plaintiff mentions the Equal Pay Act ("EPA") in his
opposition memorandum of law (Dkt. No. 48, at 4), Plaintiff's Complaint does not assert, even
when construed with the utmost of special solicitude, a claim pursuant to the EPA (Dkt. No. 1).
The Court does not, and need not consider newly raised claims in opposition to a motion for
summary judgment. *See Lyman v. CSX Transp., Inc.*, 364 F. App'x 699, 701 (2d Cir. 2010)
(finding district court did not abuse discretion in declining to consider new theories of liability
raised for the first time in opposition to summary judgment); *Greenidge v. Allstate Ins. Co.*, 446
F.3d 365, 361 (2d Cir. 2006) (declining to reach merits of argument raised for first time in
opposition to summary judgment); *Syracuse Broad. Corp. v. Newhouse,* 236 F.2d 522, 525 (2d
Cir. 1956) (holding that district court was "justified" in "brush[ing] aside" further argument not
alleged in complaint but raised for the first time in opposition to summary judgment). However,
even if Plaintiff had asserted an EPA claim in the Complaint, the Court would find that such a
claim may not be sustained. "[T]he [EPA] is restricted to cases involving 'equal work on jobs the
performance of which requires equal skill, effort, and responsibility, and which are performed
under similar working conditions.'" *Washington Cnty. v. Gunther*, 452 U.S. 161, 168 (1981)
(quoting 29 U.S.C. § 206[d][1]). "In other words, a plaintiff must show that at least one person
of the opposite sex receives unequal wages for equal work. If the unequal pay is the result of
unequal work, a plaintiff does not have an EPA claim even if the unequal work is the result of
discrimination." *Borrero v. Am. Exp. Bank Ltd.*, 533 F. Supp. 2d 429, 439 (S.D.N.Y. 2008)
(citing *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 239 n.11 [2005]; *Gunther*, 452 U.S. at 178-
79). "Once a plaintiff makes out a *prima facie* case showing (1) the employer paid different
wages to employees of the opposite sex, (2) the employees performed equal work on jobs
requiring equal skill, effort, and responsibility, and (3) the jobs were performed under similar
working conditions, . . . the burden of persuasion shifts to the employer to prove that the wage
disparity was justified by one of the four affirmative defenses provided under the EPA: '(i) a
seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or
quality of production; or (iv) a differential based on any other factor other than sex.' . . .
Following such proof, the plaintiff may counter the employer's affirmative defense by producing
evidence that the reasons defendant seeks to advance are actually a pretext for discrimination."
*Borrero*, 533 F. Supp. 2d at 439. "To demonstrate 'equal work,' a plaintiff 'need not prove that
her job is identical to a higher-paid position, but only must demonstrate that the two positions are
substantially equal.'" *Id.* (quoting *Lambert v. Genesee Hosp.*, 10 F.3d 46, 56 [2d Cir. 1993]); *see
also Doria v. Cramer Rosenthal McGlynn, Inc.*, 942 F. Supp. 937, 942 (S.D.N.Y. 1996) ("When
additional tasks of one job in comparison to another job are substantial, then jobs are not
congruent and the work is not equal."); *Dinolfo v. Rochester Tel. Corp.*, 972 F. Supp. 718, 723
(W.D.N.Y. 1997) (no substantial equality between jobs where plaintiff claimed that some of her
duties were similar to those of higher paid male employees but did not deny that some of her
duties were not shared by them). Here, Plaintiff has not presented any evidence that his job and
duties were substantially similar to those of the women to whom he seeks to compare himself
(i.e., Margaret Brusso in her position as Assistant to the Supervisor, Mary Jo Guyette in her
position as Court Clerk, Laurie Hayes in her position as Senior Court Clerk, and Sherri Stone in

Granted, the Court disagrees with Defendant's contention that Plaintiff cannot establish that he is a member of a protected class on the basis of the fact that he is male. The Court finds that Plaintiff has presented evidence that he is the member of a protected class. *See Newport News Shipbuilding and Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669, 682 (1983) ("Male as well as female employees are protected against discrimination."). The purpose of Title VII is to protect all employees on the basis of their sex, not only females.

However, the Court agrees with Defendant that Plaintiff did not establish that (1) he was paid less than were members outside of his protected class for the same work, or (2) Defendant's decision to pay him less than were those members occurred under circumstances giving rise to an inference of discrimination.

First, even assuming for the sake of argument that Plaintiff could establish that he was similarly situated to the comparators, the uncontroverted evidence before the Court establishes that in 2015 and 2016 Plaintiff was paid more than were the women to whom he seeks to compare himself. (Dkt. No. 46, Attach. 19.)

Second, Plaintiff presents no evidence giving rise to an inference of discrimination. "[C]laims of disparities in pay, without more, are insufficient to demonstrate discriminating animus, and plaintiff has produced no direct or circumstantial evidence of sex-based . . . animus, such as evidence of derogatory remarks, toleration of offensive language, . . . or other discriminatory actions by [the employer]." *McCullough v. Xerox Corp.*, 224 F. Supp. 3d 193, 199 (W.D.N.Y. 2016). Similarly, in this case, Plaintiff has presented no direct or circumstantial evidence of sex-based animus. As a result, no reasonable trier of fact could find that the pay

---

her position as Court Clerk). In addition, Defendant presented evidence that Plaintiff's pay was higher in the years 2015 and 2016 than that of each of the women to whom he seeks to compare himself. (Dkt. No. 46, Attach. 19.)

disparities are attributable to intentional discrimination by Defendant; and Plaintiff's sex-based

Title VII discrimination claim must be dismissed. *See McCullough*, 224 F. Supp. 3d 199-200;

*see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("Tomka has failed to produce

any evidence that Seiler paid her less than Abrams or the three account managers because of her

gender.  Rather, she relies on the fact that those employees were paid more than she was and that

they are men.  These facts do not support an inference that Seiler acted with a discriminatory

intent, and Tomka's claims under Title VII . . . , were therefore properly dismissed by the district

court."), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998);

*McNutt v. Nasca*, 10-CV-1301, 2013 WL 209468, at *13 (N.D.N.Y. Jan 17, 2013) (D'Agostino,

J.) ("Evidence that plaintiff's male colleagues were paid a higher salary than plaintiff is

insufficient to demonstrate that the disparity resulted from intentional sex-based

discrimination.").

     In the alternative, pursuant to the *McDonnell Douglas* burden-shifting framework, even if

Plaintiff could establish a *prima facie* case, the burden would shift to Defendant to articulate a

legitimate, non-discriminatory reason for the pay disparity. *McDonnell Douglas Corp. v. Green,*

411 U.S. 792, 802-03 (1973); *Whitt v. Kaleida Health,* 298 F. Supp. 3d 558, 574 (W.D.N.Y.

2018).  Then, if Defendant meets that burden, "the burden shifts back to the plaintiff to show that

the defendant's proffered reason is a mere pretext, and that the discrimination was the true

motivation for the adverse employment action." *Whitt*, 298 F. Supp. 3d at 574 (citing

*McDonnell Douglas Corp.*, 411 U.S. at 804).

     Here, Defendant has presented admissible evidence that the gender of employees was not

a factor considered by Defendant when setting pay.  (Dkt. No. 46, Attach. 20, at ¶ 8, Dkt. No. 46,

Attach. 24, at ¶ 5.)  In addition, Defendant presented admissible evidence that the following

factors were considered when determining pay: overall Town budget, pay of similar positions in nearby municipalities, skill of candidates, educational background, prior relevant work experience, longevity with the Town, market demand, needs of the Town, and how persuasive the individual was during negotiations. (Dkt. No. 46, Attach. 20, at ¶ 10; Dkt. No. 46, Attach. 24, at ¶ 5.)

As a result, the burden has shifted back to Plaintiff to show that Defendant's non-discriminatory proffered reason is a mere pretext. However, Plaintiff has presented no admissible evidence to rebut Defendant's proffered reasons for setting pay. As a result, there is insufficient evidence in the record from which a reasonable trier of fact could find in favor of Plaintiff. *James v. New York Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000); *Connell v. Consol. Edison Co. of New York, Inc.*, 109 F. Supp. 2d 202, 207-08 (S.D.N.Y. 2000).

In the alternative, the Court finds that Plaintiff's pay-disparity claim is time-barred. Plaintiff's Title VII claim is governed by a 300-day statute of limitations period. 42 U.S.C. § 2000e-5(e)(1); *Whitt*, 298 F. Supp. 3d at 570-71. Plaintiff filed his administrative charge with the EEOC and NYSDHR on December 14, 2015. (Dkt. No. 1, at 4; Dkt. No. 46, Attach. 13; Dkt. No. 46, Attach. 18.) As a result, any conduct that occurred before February 18, 2015, falls outside of the applicable statute of limitations and cannot support a Title VII claim. *Brooking v. New York State Dep't of Taxation & Fin.*, 2016 WL 3661409, at *6 (N.D.N.Y. July 5, 2016) (Suddaby, C.J.). As set forth above in ¶¶ 3, 4, and 11 of Part I.B. of this Decision and Order, Plaintiff was hired by Defendant in 2009 and promoted to Assessor in 2011. Therefore, to the extent that Plaintiff's claim of pay disparity relates to his starting salary in any of the positions he has held with Defendant, such a claim is time-barred.

## 2.    Additional Work-Hour Pay

Plaintiff claims discrimination based on the allegation that the female court clerk, Mary Jo Guyette, was paid over-time for additional hours she worked in 2013, but that Plaintiff was denied over-time pay and told that his salary took into consideration additional work hours. (Dkt. No. 1, at 10; Dkt. No. 48, at 13.)  For the reasons set forth above in Part III.A.1. of this Decision and Order, the Court finds that Plaintiff has failed to establish a *prima facie* case of discrimination because he has not presented any admissible record evidence that Defendant's decision to not pay him over-time pay occurred under circumstances giving rise to an inference of discrimination.

In the alternative, for the reasons set forth above in Part III.A.1. of this Decision and Order, the Court finds that Plaintiff's claim regarding conduct that took place in 2013 is barred by the statute of limitations.

## 3.    Unfair Treatment of Employees

To the extent that Plaintiff's claims unfair treatment based on his "removal" from the Union or how harassment allegations are handled, that claim is also dismissed.

To establish a *prima facie* case of discrimination, "a plaintiff must show that: (1) she is a member of a protected class, (2) she was qualified for the position she held, and (3) she suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination." *Gindi v. Bennett*, 15-CV-6475, 2018 WL 4636794, at *3 (E.D.N.Y. Sept. 27, 2018) (citing *Brown v. City of Syracuse*, 673 F.3d 141, 150 [2d Cir. 2012]).

"A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (citing *Richardson v. New York State Dep't of Corr. Serv.*, 180

F.3d 426, 446 [2d Cir. 1999]). The change in working conditions must be "more disruptive than a mere inconvenience . . ." to constitute an adverse employment action. *Galabya*, 202 F.3d at 640. For example, "[a] materially adverse change might be indicated by a termination of employment . . . ." *Galabya*, 202 F.3d at 640 (citing *Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997).

Courts in the Second Circuit "have found that reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation.*" Honey v. Cnty. of Rockland*, 200 F. Supp. 2d 311, 320 (S.D.N.Y. 2002); *see also Colandrea v. Hunter-Tannersville Cent. Sch. Dist.*, 15-CV-0456, 2017 U.S. Dist. LEXIS 41551, at *30-31 (N.D.N.Y. Mar. 22, 2017) (Kahn, J.) ("Under the stricter standard used in the discrimination context, a counseling memorandum qualifies as an adverse action only where the plaintiff also alleges that it 'created a materially adverse change in her working conditions.'"); *Bennet v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001) (holding that criticism of plaintiff's lateness without any other negative results cannot support a discrimination claim).

Here, the undisputed fact that Plaintiff has never been a member of the Union does not reflect any adverse change in the terms and conditions of his employment. (Dkt. No. 48, Attach. 14, at 68, 71.) The Court notes that Plaintiff signed a letter dated January 12, 2016, outlining why he did not want to join the Union. (Dkt. No. 48, Attach. 12; Dkt. No. 48, Attach. 14, at 35-36.) Simply stated, the Court cannot reconcile the fact that in 2016 Plaintiff requested to not be added to the Union with his argument now that his not being added to the Union in 2016 constituted an adverse employment action.

In the alternative, the Court agrees with Defendant's argument that Plaintiff's claims regarding the removal of the Assessor position from the Union in 2011 are time-barred, and that his claim regarding the decision not to add the Assessor to the Union in 2016 is barred by his failure to exhaust his administrative remedies. (Dkt. No. 48, Attach. 25, at 15-16.)

With regard to Plaintiff's allegations of differential treatment when handling harassment allegations, he has also failed to present any admissible evidence that he experienced an adverse employment action. Instead, Plaintiff merely swears (in his verified Complaint) that "he was threatened to have his salary lowered to a dollar," and that he "was told to ignore his harasser and try to get along." (Dkt. No. 1, at 11.) However, there is no evidence before the Court that Plaintiff's pay was actually decreased, that he was demoted, or that he sustained any adverse employment action. *Honey*, 200 F. Supp. 2d at 320.

In the alternative, as set forth above in Part III.A.1. of this Decision and Order, the Court finds that Plaintiff's claim regarding the treatment he endured after disclosing the harassment allegations on or about September 18, 2014, is time-barred.

### 4. Healthcare Benefit Disparity

The Court begins by noting that it analyzes this claim as a pay disparity claim because it is analogous to such a claim. For the same reasons set forth above in Part III.A.1. of this Decision and Order, Plaintiff's claim regarding healthcare benefits is dismissed.

Plaintiff fails to present any evidence that the disparity he experienced in health insurance premiums occurred under circumstances giving rise to an inference of discrimination. Much like he has done to support his pay disparity claims, to support this claim, Plaintiff has merely pointed to the fact that Ms. Brusso, a female, does not pay health insurance premiums and that he and another male co-worker are required to pay the premiums for the health insurance. For the

same reasons as set forth above in Part III.A.1. of this Decision and Order, the Court finds that this evidence is insufficient to establish an inference of discrimination.

In addition, Plaintiff swears (in his verified Complaint) that the benefit of not paying the healthcare premiums is approximately $3,500.00 per year. (Dkt. No. 1, at 9-10.) In the year 2016, Plaintiff made approximately $3,900.00 more than did Ms. Brusso. (Dkt. No. 48, Attach. 19, at 4.) As a result, assuming for the sake of argument that Plaintiff and Ms. Brusso are similarly situated, for some of the time period in question Plaintiff has failed to present evidence that he was paid less than were members outside of the protected class for the same work.

In the alternative, assuming for the sake of argument that Plaintiff could establish a *prima facie* case of discrimination for a disparity in healthcare benefits, the Court finds that Defendant has articulated a legitimate, non-discriminatory reason for the disparity. More specifically, Defendant has presented admissible evidence that Ms. Brusso was granted an exception regarding healthcare premiums during negotiations when she was appointed as Assistant to the Supervisor, in exchange for a lower base salary. (Dkt. No. 48, Attach. 21, at ¶ 6.) Moreover, Plaintiff has presented no evidence to rebut Defendant's non-discriminatory proffered reason for the disparity in health insurance premium requirements.

As yet another alternative ground for the Court's decision, the Court finds, for the reasons set forth above in Part III.A.1. of this Decision and Order, that Plaintiff's allegations regarding events that occurred in 2011 to grant an exception to Ms. Brusso for health insurance premiums are time-barred.

For all of these reasons, Defendant's motion for summary judgment with regard to Plaintiff's sex discrimination claim based on pay disparity, additional work hour pay, unfair treatment of employees, and healthcare benefit disparity is granted.

## B.    Plaintiff's Breach-of-Contract Claim

In his opposition papers, Plaintiff submitted a hand-written letter from then-Town

Supervisor Marie Regan dated January 20, 2015.  (Dkt. No. 48, Attach. 3.)  The hand-written

letter states, in pertinent part, as follows:

> I have treated <u>all</u> <u>non</u> union employees just as union members. Therefore,
> it takes 6 years, not five, before an employee earns 90 days (3 weeks of
> vacation. You are on your 5th year.
>
> *(The only contract difference for nonunion employees is <u>no longevity</u>*
> because this was a union negotiated perk and nonunion employees have
> the ability to negotiate their pay.).

(Dkt. No. 48, Attach. 3, at 2-3 [emphasis in original].)

Although a *pro se* litigant is generally permitted to effectively amend the allegations of

his complaint through the assertion of new allegations in his opposition to a motion to dismiss

for failure to state a claim (to the extent those new allegations are consistent with the allegation

of his complaint),[52] here, the Court finds that letting Plaintiff do so through his opposition to

Defendant's motion for summary judgment would unfairly and inefficiently change the

landscape of his claims after discovery has been completed.  *See, e.g., Shah v. Helen Hayes*

*Hosp.,* 252 F. App'x 364, 366 (2d Cir. 2007); *Zuk v. Onondaga County*, 07-CV-0732, 2010 WL

3909524, at *21 & n.61 (N.D.N.Y. Sept. 30, 2010) (Suddaby, J.), *aff'd*, 471 F. App'x 70 (2d Cir.

2012); *Brown v. Raimondo,* 06-CV-0773, 2009 WL 799970, at *2, n. 2 (N.D.N.Y. March 25,

2009) (Suddaby, J., adopting Report-Recommendation of Treece, M.J.), *aff'd*, 373 F. App'x 93

(2d Cir. 2010); *cf. Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y.1998) (Sotomayor, J.), *aff'd*,

205 F.3d 1324 (2d Cir. 2000).

---

[52]     *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987).

In any event, even if the Court were to permit Plaintiff to so amend his Complaint, the parties concede that Plaintiff did not file a notice of claim with the Potsdam Town Clerk as required by N.Y. Town Law § 65(3).[53] Plaintiff cannot seek relief arising out of his alleged contractual relationship with Defendant since he failed to file a notice of claim pursuant to either N.Y. Town Law § 65(3) or N.Y. Gen. Mun. Law § 50-e and his *pro se* status does not exempt him from compliance with the procedural and substantive law. *Triestman*, 470 F.3d at 477; *see also Video Voice, Inc. v. Local T.V., Inc.*, 156 A.D. 3d 848, 850-51 (N.Y. App. Div., 2d Dep't 2017) (holding that the plaintiff's failure to file a notice of claim pursuant to N.Y. Town Law § 65(3) or N.Y. Gen. Mun. Law § 50-e prohibited it from seeking any relief arising out of its alleged contractual relationship with the Town); *McCulloch v. Milan*, 74 A.D.3d 1034, 1035 (N.Y. App. Div., 2d Dep't 2010) ("[T]he filing of a notice of claim pursuant to Town Law § 65(3) was a condition precedent to the maintenance of this action against the Town defendants . . . , and the plaintiff's undisputed failure to file a timely written notice of claim bars this action against the Town defendants").

For all of these reasons, Defendant's motion for summary judgment with regard to Plaintiff's breach-of-contract claim is granted.

### C. Plaintiff's Hostile Work Environment Claim Pursuant to Title VII

"In general, to prevail on a hostile work environment claim, a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is

---

[53] Plaintiff argues in his Declaration that a Notice of Claim dated September 22, 2016, and attached as Dkt. No. 48, Attach. 3, at 22-32, was served by the United States Postal Service and e-mail ("Settlement Proposal"). Plaintiff does not allege that the Settlement Proposal was filed with the Town Clerk or that it was verified. (Dkt. No. 48, Attach. 2, at ¶ 4.) In fact, Plaintiff's signature does not appear anywhere in the Settlement Proposal. (Dkt. No. 48, Attach. 3, at 22-32.) As a result, the Court finds that the Settlement Proposal did not comply with the Notice of Claim requirements set forth in N.Y. Town Law § 65(3).

sufficiently severe or pervasive to alter the conditions of the victim's employment." *Cotterell,* 64 F. Supp. 3d at 432-33 (quoting *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 [2d Cir. 2000]). "It is axiomatic that the plaintiff also must show that the hostile conduct occurred because of a protected characteristic." *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) (citing *Alfano v. Costello*, 294 F.3d 365, 374 [2d Cir. 2002]).

Further, "[w]hile single incidents of harassment generally do not create a hostile work environment, a plaintiff may nevertheless avoid summary judgment in a case involving a single instance of harassment by showing that it was 'extraordinarily severe.'" *Cotterell,* 64 F. Supp. 3d at 432-33 (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 [2d Cir. 2000]).

For the reasons set forth in Defendant's memoranda of law, the Court finds that Plaintiff's hostile work environment claim is dismissed because he failed to present any evidence of harassment based on a protected characteristic and because he failed to present evidence that the harassment was severe and pervasive.  (Dkt. No. 46, Attach. 25, at 16-18; Dkt. No. 49, at 9.)

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 46) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall close this action.

Dated:      November 30, 2018
            Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge